## Isaiah Fiske *versus* John W. Slack.

A bill in equity set forth, that the defendant, knowing that one K was indebted to the plaintiff and others, and that they were about obtaining security by an attachment of K's land, combined with K for the purpose of defrauding the creditors ; that to carry this purpose into effect, K mortgaged the land to the defendant without a *bonâ fide* consideration ; that the plaintiff recovered a judgment against K, and being ignorant of the conveyance, delivered his execution to the defendant, who was a deputy sheriff, to be levied on the land, and that the defendant, as deputy sheriff, sold the equity of redemption by auction and procured one T to bid off the same, which, in consequence of the false representations of the defendant, was struck off for a very small sum, and that the defendant returned the execution satisfied for a small part only, and that the balance was still due ; and that the defendant had ever since been in possession of the land, managing it as his own ; and the bill prayed that the defendant might be required to discover all the particulars of these transactions, and that the plaintiff might have further relief. It was *held*, that the bill could not be maintained as a bill for relief, because it charged a direct fraud on the part of the defendant, over which the Court had not jurisdiction in equity ; nor as a bill for discovery only, because the plaintiff had not shown sufficient direct interest in the subject-matter, not having actually extended his execution on the land so mortgaged, and because in any suit which might be brought to try the title to the land after such an extent, the defendant and K and T might be witnesses unless the action should be against one of them, and then, for aught that appeared, the other two might be witnesses, and because if the facts sought to be discovered should be disclosed, they could not be so used as to support any title or interest of the plaintiff, or enable him to sustain any action for any vested interest.

This was a bill in equity, setting forth, that prior to the 17th of October, 1833, Horace Kingsbury was indebted to the complainant in the sum of $148, or thereabouts, and also to several other persons ; that on the 20th of the same month, Kingsbury, being so indebted, absconded and left the Commonwealth ; that the complainant, on the 18th of that month, sued out a writ of attachment against Kingsbury and delivered the same to the defendant, then a deputy sheriff, with directions to attach the property of Kingsbury, which writ was on the same day served and duly returned ; that judgment having been rendered in favor of the complainant for $155, execution was, within thirty days from the rendition thereof, sued out and delivered to the defendant, to be levied on the property so by him attached ; that the defendant returned the execution satisfied for the sum of $15 only ; and that such judgment is still in full force, and the balance thereof

wholly unsatisfied ; that on the 17th of October, 1833, Kingsbury, being seised in fee of real estate in Needham of the value of $ 3000 or thereabouts, free from all incumbrance, conveyed the same to the defendant in mortgage, under the pretence of securing to him the payment of a promissory note for $ 1000, of the same date, and indemnifying him against his liabilities as indorser or surety for Kingsbury ; that the complainant, at the time of the suing out and service of his writ, was wholly ignorant of such conveyance, the same being concealed from him by the defendant ; that the defendant, at the time of such conveyance, knew that Kingsbury was indebted to the complainant and others in large sums of money, and that they were about obtaining security by attaching the real estate so conveyed, and that Kingsbury contemplated absconding and defrauding his creditors of their dues, and that the defendant combined and confederated with him in such fraudulent purpose ; that in order to carry this purpose into effect, Kingsbury made and executed the note and mortgage before referred to, and delivered them to the defendant ; and that the defendant afterwards pretended, that the note was given to him for a valuable and adequate consideration, and that he was indorser and surety for Kingsbury for large sums of money, which Kingsbury was unable to pay. The bill thereupon charges, that such pretensions were utterly untrue.

The bill also alleges, that in order further to carry such fraudulent devices into effect, the defendant, at the sale of the equity of redemption of the premises mortgaged, the execution issued in favor of the complainant having been delivered to the defendant to be executed, and the complainant being still ignorant of such fraudulent conspiracy, again pretended, that the note for $ 1000 was justly his due, and that he was obliged to pay large sums as surety for Kingsbury, but declined stating the amount, and also procured one Thomas W. Slack, his brother, to bid off the equity of redemption, which, by the false representations of the defendant, was greatly discredited the sum of $ 25 only being offered therefor ; that the defendant, in his official capacity, thereupon struck off the same to Thomas W. Slack for that sum, and delivered to him a deed thereof ; and that the defendant has ever since been in posses-

sion of the estate, managing it as his own ; and has, in order further to conceal such fraudulent transaction, prevented the recording of the deed to Thomas W. Slack, still however keeping up a correspondence with Kingsbury, as though managing the estate for his benefit.

The bill further alleges, that the complainant has since frequently requested the defendant to disclose the state of his transactions with Kingsbury and the true amount of his claims, if any he had, on the estate so mortgaged to him, and to give up and cancel the mortgage ; 'but that the respondent utterly refused so to do.

The bill thereupon prays, that the defendant may be holden to discover all the particulars of the transactions before mentioned, and to produce and exhibit all letters, documents and other papers that may have passed between him and Thomas W. Slack and Kingsbury relative to all matters charged in the bill, and give a true account of all transactions relative thereto, and that the complainant may have such other and further relief in the premises as to justice and equity may appertain.

The defendant demurred.

The case was argued in writing.

*Metcalf*, for the defendant. The bill relates exclusively to an alleged fraud ; and the matter, as presented, seems not to be within the jurisdiction of the Court. *Holland* v. *Cruft*, 20 Pick. 325, 326.

The bill alleges a conspiracy between the defendant and Kingsbury, and also a conspiracy between the defendant and Thomas W. Slack, to which the defendant is not bound to answer. 1 Wooddeson, 207 ; *M'Intyre* v. *Mancius*, 16 Johns. R. 592 ; *Oliver* v. *Haywood*, 1 Anstr. 82 ; *Selby* v. *Crew*, 2 Anstr. 504 ; 1 Newland's Ch. Pr. 180 ; 2 Story on Eq. § 1494 ; Jeremy on Eq. Jurisd. 265 *et seq.*

If the bill be regarded as one for discovery merely, nothing is therein shown to entitle the plaintiff to such discovery.— 1. He avers neither a suit brought nor intended to be brought, in which the facts he seeks to elicit can be evidence. *Askam* v. *Thompson*, 4 Price, 330 ; *Cardale* v. *Watkins*, 5 Maddock's R. 18 ; *Angell* v. *Draper*, 1 Vernon, 399 ; Van Heythuysen's Eq. Draftsman, (Am. ed.) 373. — 2. For aught that

appears in the bill, the defendant would be a competent witness for the plaintiff in any action the plaintiff might commence to try the title to the land. Kingsbury also would be a competent witness, on the trial of the same title ; and this defendant's answer could not be read against Kingsbury in any suit. So of Thomas W. Slack. A witness is not privileged to suppress facts that may affect unfavorably his pecuniary interests. *Steward* v. *East India Co.* 2 Vernon, 380 ; *Wych* v. *Meal,* 3 P. Wms. 310. In *Bullock* v. *Boyd,* 2 Marshall's (Kentucky) R. 323, it is said, that a bill of discovery must be for matters which the defendant *alone* knows. All the alleged fraudulent acts in this bill are known, if they exist, as well to others as to the defendant. A *conspiracy* is alleged, which supposes more than one offender. Cooper's Eq. Pl. 189 *et seq. ;* 2 Story on Equity, § 1499 ; 3 Bl. Comm. 437 ; Jeremy on Eq. Jurisd. 259 *et seq.* — 3. This is what Lord *Hardwicke* termed a "fishing bill," to enable the plaintiff to learn whether he may sue his judgment against Kingsbury, and levy on the land, with prospect of success. *Buden* v. *Dore,* 2 Ves. sen. 445 ; *Newkerk* v. *Willett,* 2 Caines's Cas. 296.

It does not appear, that the plaintiff has not a complete and adequate remedy at law. He may sue his judgment against Kingsbury, levy on the land that he affirms to have been fraudulently conveyed, and bring a writ of entry against the persons in possession.

As a general rule, a defendant is not bound to make disclosures respecting the title to his estate. 1 Wooddeson, 207. See also Jeremy on Eq. Jurisd. 258, 263 ; 3 Bl. Comm. 382.

*Richardson,* for the plaintiff. The Revised Statutes, c. 81, § 8, give this Court jurisdiction of bills of *discovery* relating to any case where a discovery may be lawfully required according to the course of proceedings in chancery. And it is submitted, that according to such course the plaintiff is entitled to a discovery in this case.

It is admitted, that a defendant is not holden, on a bill of discovery, to make answer on such points as would subject him to pains and penalties on a criminal prosecution, or render him infamous ; but in cases of legal fraud, or fraud that would operate to defeat his title to that which is the subject of inquiry,

or would subject him to damages in a civil action, he is bound to answer to such a bill. *Dixon* v. *Olmius*, 1 Cox's Ch. R. 414 ; *Wolf* v. *Wolf*, 2 Harris & Gill, 382 ; *Smithier* v. *Lewis*, 1 Vernon, 398.

It is objected, that nothing is shown in the bill to entitle the plaintiff to such discovery, the bill averring neither a suit brought, nor intended to be brought. A suit was in fact pending when the bill was filed, and that allegation was inadvertently omitted. But it is contended, that, in this case, it is not necessary that an action should have been brought, or that execution should have issued, to entitle the plaintiff to the discovery prayed for. The object of this bill is not to discover evidence to support an action, but to discover property fraudulently conveyed, in order to obtain satisfaction of a judgment. In the case of *Angell* v. *Draper*, cited by the defendant, a bill was filed to discover goods generally ; and it was not allowed, for that reason. In the case at bar the bill is for the discovery of particular facts affecting the title of Kingsbury, with a view to show that his conveyance of the particular estate described in the bill was fraudulent as against creditors. *Angell* v. *Draper*, 1 Vernon, 399, note ; *Taylor* v. *Hill*, 1 Eq. Cas. Abr. 132, *pl.* 15 ; *Moodalay* v. *Morton*, 1 Bro. Ch. R. 469 ; *Manningham* v. *Bolingbroke*, 2 Dickens, 534 ; Equity Draftsman, 373, 374 ; *Livingston* v. *Peru Iron Co.* 9 Wend. 512.

It is denied, that either this defendant or T. W. Slack or Kingsbury could be compelled in an action at law to testify respecting the title to this estate. The defendant and T. W. Slack could not be compelled to defeat their own titles ; and Kingsbury could not, if here, be compelled, in a court of law, to disclose his own fraud, and render himself liable on his covenants. It is true they may be summoned to make disclosures on this bill.

The defendant suggests, that a bill of discovery must be for matters which the defendant *alone* knows ; but the inference from the authorities cited by him is, that a bill of discovery must be for matters not known by any persons who are competent witnesses and might be compelled to testify in a court of law ; and it is not pretended, that the facts, the discovery of which is the object of this bill, were known to any other

persons than Kingsbury, Thomas W. Slack and the defendant.

If the plaintiff could not compel the defendant, nor Thomas W. Slack, nor Kingsbury, to testify in a court of law in regard to the title of the estate in question, as, it is submitted, he could not, then he has not a complete and adequate remedy at law, and it would be useless to levy on the land, and bring a writ of entry against the persons in possession.

*Metcalf*, in reply. The suit, which is said by the counsel for the plaintiff to be pending, is debt on judgment brought by the plaintiff against Kingsbury. How the pendency of *that action*, even if averred in the bill, would entitle the plaintiff to maintain this bill, is not readily discerned. *Non constat*, that the defendant in that suit may not successfully defend against it. Nor is it certain, that the defendant in this bill will be in possession of the land in question, when the plaintiff shall obtain judgment (if he ever shall) against Kingsbury.

SHAW C. J. delivered the opinion of the Court. This is a bill in equity, praying for discovery and relief.

As a bill for relief, the Court are of opinion, that it cannot be maintained, for want of jurisdiction. It charges a fraud ; and over a direct charge of fraud, the Court has not jurisdiction in equity. In *Holland* v. *Cruft*, 20 Pick. 321, it was held, that when the Court upon other grounds had jurisdiction of the cause, and a fraud was drawn in question, as incidental, the Court must inquire into and decide it, as any other question which might be incidentally put in issue, in the progress of such a cause.

As a bill for discovery only, we think that it cannot be maintained.

1. Because the plaintiff has not shown sufficient direct interest in the subject matter, to entitle him to have a discovery from the defendant. He alleges that he has obtained a judgment against Horace Kingsbury, that Kingsbury fraudulently conveyed his estate to the defendant, that but for this conveyance he would have satisfied his execution on such estate. But as he has not actually levied no such estate, as property liable to his execution, he has acquired no interest in it. *Non constat*, that he ever can or will levy his execution on such

estate, or that other creditors of Kingsbury, may not have taken it by prior levies.

2. Because in any suit which might be brought to try the title after such a levy, Thomas W. Slack, Horace Kingsbury, and John W. Slack, might be witnesses, unless the suit should be against one of them as a party, and then, for aught that appears, the other two might be witnesses.

3. But the main ground is, that the plaintiff has merely set forth a fraud on the part of the defendant, acting as a deputy sheriff, and in his own natural capacity ; but if the facts sought to be discovered, should be disclosed, they could not be so used, as to support or sustain any title or interest of the complainant, or enable him to sustain any action for any vested interest.

*Demurrer sustained, and judgment thereon for the defendant.*